# In the United States District Court for the Southern District of Georgia Savannah Division

```
UNITED STATES OF AMERICA,

    v.                                    CR 416-352
                                          CV 419-132
MICHAEL BEVANS-SILVA,

    Defendant.
```

### ORDER

Before the Court is Defendant Michael Bevans-Silva's Motion for Writ of Mandamus. Dkt. No. 139. For the reasons below, Bevans-Silva's motion is **DENIED**.

### BACKGROUND

On January 12, 2018, under a written plea agreement, Bevans-Silva pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count I). Dkt. Nos. 85, 86. In June 2018, the Court sentenced Bevans-Silva to sixty-three months' imprisonment, to be served concurrently with any related state sentence and consecutively to any state probation revocation sentence, followed by three years' supervised release. Dkt. No. 108. Bevans-Silva directly appealed to the Eleventh Circuit Court of Appeals but eventually voluntarily dismissed that appeal in order to pursue a 28 U.S.C. § 2255 motion

to vacate his conviction. Dkt. Nos. 121, 131. The § 2255 proceedings are ongoing. According to the Bureau of Prisons' ("BOP") website, Bevans-Silva is currently incarcerated at FMC Butner in Butner, North Carolina, with a projected release date of January 4, 2021.

Bevans-Silva now moves the Court for a "Writ of Mandamus or more specifically for a Decision in the § 2255 proceedings . . . due to the COVID 19 crisis." Essentially, Bevans-Silva requests an expedited decision on his 2255 motion because of COVID-19.

## DISCUSSION

Bevans-Silva's motion is denied for several reasons. First, mandamus is not the proper avenue for the relief he seeks. "Plaintiffs cannot invoke the extraordinary remedy of mandamus [when] they have an alternative 'avenue of relief.'" Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004) (quoting Mallard v. U.S. District Court, 490 U.S. 296, 309 (1989)). Title 28 U.S.C. § 2255 establishes a comprehensive method by which Bevans-Silva may collaterally attack his conviction. "The Supreme Court has made clear that '[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed.'" Id. (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 27–28 (1943)).

Secondly, to the extent Bevans-Silva is separately requesting compassionate release based upon the COVID-19 pandemic, his

request is more properly raised under 18 U.S.C. § 3582(c)(1)(A) and is not cognizable under 28 U.S.C. § 2255.  See Waters v. Rios, No. 17-1367, 2017 WL 3668761, at *3 (D. Minn. Aug. 23, 2017) ("[T]he granting of compassionate release is not related to the underlying validity of a prisoner's conviction or sentence and thus is inappropriate for a § 2255 petition.").  Moreover, Bevans-Silva has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19.  The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Bevans-Silva has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Bevans-Silva's request.  See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

## CONCLUSION

Accordingly, Bevans-Silva's motion, dkt. no. 139, is **DENIED** to the extent he requests a Writ of Mandamus and **DISMISSED** to the extent he requests compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED,** this 24th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA