# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 4:20 pm, May 13, 2020

```
UNITED STATES OF AMERICA,

     v.                                CR 416-352
                                       CV 419-132
MICHAEL BEVANS-SILVA,

     Defendant.
```

## ORDER

Before the Court is Defendant Michael Bevans-Silva's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Dkt. Nos. 142, 143, 144.  For the reasons below, Bevans-Silva's motion is **DENIED**.

## BACKGROUND

In January 2018, under a written plea agreement, Bevans-Silva pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Dkt. Nos. 85, 86.  His presentence investigation report reflects that he had an advisory guideline range of sixty-three to seventy-eight months' imprisonment. In June 2018, the Court sentenced Bevans-Silva to sixty-three months' imprisonment. Dkt. No. 108.  While Bevans-Silva filed a direct appeal, he dismissed the appeal several months later.  Dkt. Nos. 109, 131.  While the appeal was pending, Bevans-Silva initiated a 28 U.S.C. § 2255 motion to vacate his sentence.

Dkt. No. 121. That action is still pending. According to the Bureau of Prisons' ("BOP") website, Bevans-Silva is currently incarcerated at FMC Butner located in Butner, North Carolina, with a projected release date of January 4, 2021.

Bevans-Silva now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Bevans-Silva's motion is based on the COVID-19 pandemic and his concern for his health. He also avers that he has served most of his prison sentence and wants to be released in order to care for his ailing mother. As the Government notes, however, Bevans-Silva has not exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Bevans-Silva shows that he began the administrative process with the BOP on April 15, 2020, see dkt. no. 142 at 6, 18; however, he filed his motion with the Court on May 4, 2020, before he had received a response from the BOP or thirty days had passed, as required under § 3582(c)(1)(A). Indeed, in Bevans-Silva's supplement to his motion, dkt. no. 144 at 8, he shows that the BOP denied his request for compassionate release on

2

April 28, 2020. Dkt. No. 144 at 8. Notably, within the Warden's denial is instructions for filing an appeal of the decision:

> If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons . . . . Your appeal must be received in the Regional Office within 20 calendar days from the date of this response.

Id.

The Court finds that Bevans-Silva has not *fully* exhausted his administrative remedies because he has neither shown that the Regional Director denied his appeal nor that thirty days have passed without a response to his appeal. In order to exhaust his administrative remedies, Bevans-Silva must continue to participate in the administrative process until it is complete; here, that means at least filing an appeal with the Regional Director and waiting the requisite time for a response. Bevans-Silva has shown only that he has completed the first level of administrative review, i.e. petitioning the Warden of his facility. See United States v. Khan, 540 F. Supp. 2d 344, 351 (E.D.N.Y. 2007) ("If the inmate feels the decision was unfairly meted out, his or her recourse is to appeal that decision to the next administrative level, and, if still dissatisfied with the result at the end of the administrative appeals process, he or she may, at that time, pursue the complaint in federal court. It would defeat the purpose of administrative review were this court to permit every inmate who was dissatisfied with a denial of relief mid-way through the

3

administrative appeals process to seek judicial review on the ground of futility.").

Accordingly, Bevans-Silva's motion, dkt. no. 142, is **DENIED**.

**SO ORDERED,** this 13th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA